UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DWAYNE T. SPENCER et al., <br><br> Plaintiffs, <br><br> v. <br><br> CARACAL INTERNATIONAL, LLC et al., <br><br> Defendants. | Case No. 2:20-cv-00033 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

### MEMORANDUM ORDER

Before the Court in this wrongful death action brought under the Court's diversity jurisdiction are Plaintiffs Dwayne T. Spencer and Tammy Spencer's motion for leave to amend their complaint (Doc. No. 18) and motion to amend that motion to include a revised proposed third amended complaint (Doc. Nos. 38, 38-1). Defendants Caracal International, LLC and Steyr Arms, Inc., responded in opposition to the Spencers' original motion for leave to amend (Doc. Nos. 30, 31), but have not responded in opposition to the Spencers' motion to amend that motion. Defendant Caracal USA, LLC, did not file a response in opposition to the Spencers' original motion for leave to amend but has responded in opposition to the motion to amend that motion (Doc. No. 50). The Spencers have filed replies in support of both motions to amend. (Doc. Nos. 32, 56.) For the reasons that follow, the Spencers' motions will be granted.

## I. Relevant Background

This action arises out of the shooting death of Dalin Chantz Spencer on November 9, 2018, in Cookeville, Tennessee.[1] (Doc. No. 1-46.) The plaintiffs, who are Dalin's parents and the co-administrators of his estate, allege that Defendants Caracal International, Caracal USA, and Steyr Arms "imported, manufactured, exported, designed, tested and distributed" the "defective or unreasonably dangerous gun" that killed Dalin. (*Id.* at PageID# 1617, ¶ 13.) The Spencers seek compensatory and punitive damages under Tennessee's Wrongful Death Statutes, Tenn. Code Ann. §§ 20-5-106, 20-5-107, 20-5-113. (Doc. No. 1-46.)

The Spencers filed this action in the Circuit Court for Putnam County, Tennessee, on August 8, 2019. (Doc. No. 1-2.) They filed an amended complaint on December 30, 2019 (Doc. No. 1-29) and a second amended complaint on May 7, 2020 (Doc. No. 1-46). Defendant Caracal International removed the action to this Court on June 22, 2020. (Doc. No. 1.) On July 20, 2020, the Spencers filed a motion to remand to state court (Doc. No. 12), but later withdrew that motion (Doc. Nos. 38, 70).

On July 30, 2020, while their motion to remand was still pending, the Spencers filed a motion for leave to amend and attached a proposed third amended complaint. (Doc. Nos. 18, 18-1.) They stated that the proposed amendments would "eliminate subject matter (diversity) jurisdiction" by reinstating two defendants they had voluntarily dismissed while the action was still in state court: Waffen Werks, USA, LLC, and Robert Keith Cash. (Doc. No. 19, PageID# 1893.) Caracal International opposed the motion to amend, arguing that the Spencers filed it in bad faith, that they had repeatedly failed to cure pleading deficiencies through prior

---

[1] The Spencers' second amended complaint (Doc. No. 1-46) alleges that Dalin died on November 9, 2019, but that date appears to be a typographical error. The Spencers initiated this action on August 8, 2019, alleging that Dalin died on November 9, 2018. (Doc. No. 1-2.)

amendments, and that allowing the proposed amendments would be futile and would unduly burden the defendants. (Doc. No. 30.) Caracal International further argued that the Spencers' motion to amend was an improper attempt to join Waffen Werks and Cash as defendants. (*Id.*) Steyr Arms adopted Caracal International's response in opposition to the motion to amend. (Doc. No. 31.) Meanwhile, on August 13, 2020, Caracal USA filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) (Doc. No. 29), renewing a motion it filed in state court before removal (Doc. No. 1-10). On August 21, 2020, Caracal International filed a motion to dismiss for insufficient service of process under Rule 12(b)(5). (Doc. No. 35.)

On August 27, 2020, the Spencers filed a motion to withdraw their motion to remand and to amend their motion for leave to amend by substituting a revised proposed third amended complaint. (Doc. Nos. 38, 38-1.) The revised proposed third amended complaint does not name Waffen Werks or Cash as defendants and asserts that this Court has diversity jurisdiction over this action. (Doc. No. 38-1.) Caracal USA responded in opposition to the Spencers' motion to amend their motion for leave to amend, arguing that allowing the Spencers to file the revised proposed third amended complaint will be unduly prejudicial and futile. (Doc. No. 50.) The Spencers replied, arguing that Caracal USA will not suffer undue prejudice and that the amendments are not futile because they "eliminate a factual basis for [Caracal USA's] motion to dismiss for lack of personal jurisdiction . . . ." (Doc. No. 56, PageID# 2520.)

On September 22, 2020, the Court granted the Spencers' motion to withdraw their motion to remand while holding in abeyance the Spencers' motion to amend their motion for leave to amend. (Doc. No. 70.) The Spencers' motion for leave to amend their complaint (Doc. No. 18) and motion to amend that motion (Doc. No. 38) are now ripe for this Court's review.

3

## II. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Although the Sixth Circuit "reviews denials of leave to amend only for abuse of discretion," its case law "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

## III. Analysis

Caracal International and Steyr Arms have not opposed the Spencers' motion to amend their original motion for leave to amend (Doc. No. 38) and, therefore, have not opposed the Spencers' revised proposed third amended complaint. The Court will address Caracal USA's opposition to the revised proposed third amended complaint on the grounds that allowing amendment would be unduly prejudicial and futile. (Doc. No. 50.)

4

Case 2:20-cv-00033   Document 75   Filed 09/24/20   Page 4 of 7 PageID #: 2769

### A. Prejudice

Caracal USA argues that the revised proposed third amended complaint "simply isn't necessary" because "the only real difference between" it and the operative second amended complaint is an "attempt to further detail the allegation that the Defendants worked together and/or were alter egos or partners with each other to distribute guns, which has already been alleged." (Doc. No. 50, PageID# 2457.) Caracal USA further argues that "allowing an unnecessary pleading would be unduly prejudicial to [it]," because its "dispositive motion to dismiss has been pending for around ten (10) months." (*Id.*)

The Court finds this prejudice argument unpersuasive. First, Caracal USA has not cited any authority to support its argument that granting leave to amend while a dispositive motion is pending is unduly prejudicial under Rule 15(a)(2). *Contra Duracore Pty Ltd. v. Applied Concrete Tech., Inc.*, No. 5:13-CV-184, 2015 WL 362518, at *2 (W.D. Ky. Jan. 27, 2015) ("Prejudice generally requires more than merely having a motion to dismiss pending.") Second, while Caracal USA filed a motion to dismiss for lack of personal jurisdiction in state court on November 7, 2019 (Doc. No. 1-10), this action was not removed to this Court until June 22, 2020 (Doc. No. 1), and Caracal USA did not file its renewed motion to dismiss until August 13, 2020 (Doc. No. 29). The Spencers filed their revised proposed third amended complaint and motion to amend just two weeks later. (Doc. No. 38). Caracal USA therefore has not shown that leave to amend should be denied on prejudice grounds.

### B. Futility

Caracal USA's principal argument in opposition to the revised proposed third amended complaint is that "the amendment is futile" because "it makes no further allegations that Caracal USA is subject to jurisdiction in Tennessee, but rather rewords its previous allegations and exhibits." (Doc. No. 50, PageID# 2457.) Caracal USA argues that, "[b]ased upon the authority in

[its] motion to dismiss, the Second Amended Complaint and the [revised] proposed Third Amended Complaint are both subject to dismissal because [the Spencers] cannot establish jurisdiction over [it]." (*Id.*)

Because futility arguments in the context of a motion to amend are functionally dispositive, courts in this circuit recognize that they present something of a "conceptual difficulty" when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions. *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (citing 28 U.S.C. § 636(b)(1)(A)); *see also Wischermann Partners, Inc. v. Nashville Hosp. Cap. LLC*, No. 3:17-0849, 2018 WL 2684641, at *2 (M.D. Tenn. June 5, 2018) (quoting *Durthaler*, 2011 WL 5008552, at *4). This is particularly true where, as here, the parties have raised the same legal issues in a dispositive motion that is concurrently pending before the district judge. Under these circumstances, at least where the proposed amended "claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4.

Caracal USA's arguments in favor of dismissal and in opposition to the revised proposed third amended complaint turn on whether the Spencers can establish personal jurisdiction over it. The Court finds that Caracal USA will not be prejudiced by allowing the amended pleading and that there are no other apparent reasons to deny leave to amend under Rule 15(a)(2). Further, allowing Caracal USA's substantive legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural contexts.

## IV. Conclusion

For these reasons, the Spencers' request to amend their motion for leave to amend (Doc. No. 38) is GRANTED, and their amended motion to amend (Doc. No. 18) is GRANTED. The Clerk of Court is DIRECTED to file the third amended complaint (Doc. No. 38-1) as a separate docket entry.

It is so ORDERED.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge