# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DWAYNE T. SPENCER, et al.,** | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 2:20-cv-00033 |
| **CARACAL INTERNATIONAL, LLC, et al.,** | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Before the Court are Defendant Caracal International, LLC's ("Caracal International") Motion to Dismiss for Insufficient Service of Process (Doc. No. 35), Plaintiffs' Motion to Deem Service on Jeffrey Spalding Sufficient Service on Defendant Caracal International (Doc. No. 51), and Plaintiffs' Motion to Supplement Response to Defendant Caracal International's Motion to Dismiss for Insufficient Service of Process (Doc. No. 134), which have been fully briefed and are ripe for decision (see Doc. Nos. 36, 52–54, 68–69, 78, 99, 135–37). For the following reasons, the Court will grant Caracal International's motion to dismiss, deny Plaintiffs' motion to deem service sufficient, and grant Plaintiffs' motion to supplement.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2019, Plaintiffs Dwayne T. Spencer and Tammy Spencer filed this product liability wrongful death action against Caracal International, Caracal USA, LLC ("Caracal USA"), and several other companies and individuals in the Circuit Court for Putnam County, Tennessee. (See Doc. No. 1-2). Plaintiffs attempted four times to serve Caracal International, which is a foreign limited liability company with its principal place of business in Abu Dhabi, United Arab Emirates. (Id. ¶ 3). First, Plaintiffs attempted service on Caracal International through Caracal

USA's registered agent, CT Corporation System, who did not accept service because "Caracal International LLC [was] not listed on [its] records or on the records of the State of" Idaho. (Doc. No. 1-16 at 5–6). Plaintiffs also attempted service on Scott O'Brien, who is Caracal USA's registered agent in Alabama, and twice attempted service on Caracal USA employee Jeffrey Spalding in August 2019. (Id. at 7–34).

Caracal International responded to these attempts by filing a Motion to Dismiss for Insufficient Service of Process in the Circuit Court, (Doc. No. 1-16 at 37–48), and the Circuit Court agreed that Plaintiffs had not served Caracal International "in any kind of way consistent with international procedures or diplomatic procedures, specifically following from Tennessee Rule of Civil Procedure 4A[.]" (Doc. No. 1-50 at 3). However, the Circuit Court held Caracal International's motion to dismiss in abeyance to permit limited discovery on the issue of whether Plaintiffs complied with other Tennessee service of process rules. (Id.; see also Doc. No. 74-4 at 2–3).

While discovery was ongoing in the Circuit Court, Caracal International filed a notice of removal to this Court. (Doc. No. 1). Caracal International then filed a renewed Motion to Dismiss for Insufficient Service of Process (Doc. No. 35) under Federal Rule of Civil Procedure 12(b)(5), arguing that Plaintiffs failed to serve Caracal International in accordance with Rule 4. Plaintiffs disagree and maintain that they properly served Caracal International "through its managing or general agent, Jeffrey Spalding." (E.g. Doc. Nos. 51, 53–54).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides that the Court may dismiss an action for "insufficient service of process." Fed. R. Civ. P. 12(b)(5); see also King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012) (citations and internal quotation marks omitted) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named

2

defendant[,] . . . [a]nd in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication."). When a defendant files a motion to dismiss under Rule 12(b)(5), the plaintiff "bears the burden of executing due diligence in perfecting service of process and showing that proper service was made." Mullins v. Kalns, No. 99-4301, 2000 WL 1679511, at *3 (6th Cir. Nov. 3, 2000) (citing Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996)). "Courts may look to 'record evidence' and 'uncontroverted affidavits' in determining whether plaintiffs have met this burden." Chapman v. Lawson, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015) (quoting Metro. Alloys Corp. v. State Metals Indus., Inc., 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006)); see also Boulger v. Woods, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), aff'd, 917 F.3d 471 (6th Cir. 2019) ("Because the pleadings themselves will typically shed no light on service issues, motions to dismiss [under Rule 12(b)(5)] need not be treated as motions for summary judgment even if they are supported by affidavits or other evidence outside the pleadings.").

## III. ANALYSIS

Caracal International argues that the Court should grant its motion to dismiss under Rule 12(b)(5) because Plaintiffs did not perfect service in accordance with Rule 4(h)(1). Rule 4(h)(1) provides that where, as here, a plaintiff attempts service on a foreign company in the United States,[1] the company "must be served: . . . (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) permits plaintiffs to use any method of service allowed in the state where service is made or in the state where the district court is

---

[1] Rules 4(h)(2) and 4(f) provide the methods for effectuating service on a foreign company outside the United States. But because Plaintiffs do not argue that they served anyone "at a place not within any judicial district of the United States," Fed. R. Civ. P. 4(h)(2), these rules do not apply here. (See Doc. No. 54 at 16).

3

located. Fed. R. Civ. P. 4(e)(1). As a practical matter, there are no meaningful differences between the service methods in Rules 4(h)(1)(A), 4(e)(1), and 4(h)(1)(B) here because both Idaho law (where service was made) and Tennessee law (where the district court is located) mirror federal law and require plaintiffs to serve a foreign company through its officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. See Idaho R. Civ. P. 4(3)(A); Tenn. R. Civ. P. 4.05(4).

Against this legal backdrop, Caracal International contends that Plaintiffs did not perfect service because neither CT Corporation, Scott O'Brien, nor Jeffrey Spalding qualify as "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of Caracal International. Although Plaintiffs do not respond to the arguments regarding CT Corporation or Scott O'Brien,[2] they argue that they properly served Caracal International "through its managing or general agent, Jeffrey Spalding." (Doc. No. 53 at 1). Thus, the sole issue before the Court is whether Plaintiffs met their burden to show that Jeffrey Spalding was authorized to accept service of process for Caracal International in August 2019.

"[T]he well-established definition of a managing or general agent is a person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent who acts in an inferior capacity and under the direction and control of a superior authority, both in regard to the extent of his duty and the manner of executing it." d'Amico Dry d.a.c. v. McInnis Cement Inc., 469 F. Supp. 3d 185, 190 (S.D.N.Y. 2020) (internal quotation marks, citations, and alterations omitted); see also Bridgeport Music, Inc. v.

---

[2] Caracal International's arguments regarding CT Corporation and Scott O'Brien are therefore deemed unopposed under Local Rule 7.01(a)(3) and Sixth Circuit case law. See, e.g., Humphrey v. U.S. Attorney Gen.'s Office, 279 F. App'x 328, 331 (6th Cir. 2008) (holding that when plaintiff fails to respond to an argument in defendant's motion to dismiss, any opposition is waived).

4

Rhyme Syndicate Music, 376 F.3d 615, 624 (6th Cir. 2004) ("A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control."). "In other words, a 'managing or general agent' is one who operates at [the organization's] highest levels, or . . . has overall authority to make high-level decisions on the part of the enterprise.'" McInnis Cement, 469 F. Supp. 3d at 190 (quoting Cooney v. Barry Sch. of Law, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014)).

Plaintiffs make several arguments about why Spalding qualifies as Caracal International's managing or general agent, but none of them are convincing.[3] For example, Plaintiffs rely heavily on Spalding's Linkedin profile, which lists that he worked at Caracal International as "US Market Manager" from "Oct 2014–Present" and was responsible for "[o]versight of all operations within the United States on behalf of Caracal International." (E.g. Doc. No. 54 at 7 (citing Doc. No. 1-14 at 8)). Generally, however, a Linkedin profile is inadmissible hearsay. Genesis Diamonds, LLC v. John Hardy, Inc., No. 3:15-cv-01093, 2016 WL 3478915, at *5 (M.D. Tenn. June 27, 2016). And even if it were admissible, Spalding's "self-described duties in connection with [Caracal International's] business . . . do not speak to [his] authority within the organization, and provide no insight into whether [he] was an officer . . . or an agent authorized to receive service of process on [Caracal International's] behalf." Parks v. Quality Serv. Integrity, No. 2:13-CV-909-WKW, 2015 WL 6872498, at *4 (M.D. Ala. Nov. 9, 2015). Moreover, Spalding clarified in a signed affidavit that his "Linkedin profile . . . features old and out-of-date information" because he has worked solely for Caracal USA since January 1, 2016 and is "only authorized to accept service of

---

[3] The memoranda filed in support of Plaintiffs' opposition to Caracal International's motion to dismiss (Doc. No. 52) and Plaintiffs' Motion to Deem Service on Jeffrey Spalding Sufficient Service on Caracal International (Doc. No. 54) are nearly identical and redundant of each other. To avoid similar redundancy, the Court will cite only to Doc. No. 52 when referring to Plaintiffs' arguments.

5

process for Caracal USA[.]" (Doc. No. 1-12 at 20; Doc. No. 35-8). Spalding further testified that although he served as Caracal International's U.S. Marketing Manager as an independent contractor from October 2014 to December 2015, he has never been an employee, officer, or managing agent authorized to accept service of process for Caracal International. (Id. at 19–21; Doc. No. 35-8 at 2). Accordingly, the Court does not find that Spalding's Linkedin profile establishes he was Caracal International's managing or general agent in August 2019.

Plaintiffs also contend that Spalding was Caracal International's authorized agent because he allegedly accepted service of process on Caracal International's behalf. (Doc. No. 54 at 1–3, 21). To support this argument, Plaintiffs cite to the following testimony from process server Jordan Johnson's amended[4] affidavit:

> I state with absolute certainty that **I explained to the gentleman identified as Jeffrey Spalding, and he acknowledged, that he was accepting service of process on behalf of Caracal International, LLC**, when I served the Summons, Complaint, Interrogatories and Request for Production at 1:57 PM on August 22, 2019 at 6051 W. Corporal Lane, Boise, ID 83704 as shown on my "Declaration of Service" ([Doc. No. 77 at 36]) for Case No. 2019-CV-174, Circuit Court, Putnam County, TN. Mr. Spalding did not refuse to accept service.

(See Doc. No. 77 at 32–33 (emphasis added)). Caracal International responds by citing Spalding's affidavit, in which he testified that "Johnson never told me that I was being served with documents related to Caracal International," and that "I never acknowledged, by writing or spoken word, that I was accepting service of process on behalf of Caracal International." (Doc. No. 36 at 11 (citing Doc. No. 35-8 at 2)). The Court need not resolve this dispute of fact, however, because even if Spalding accepted service on Caracal International's behalf it does not mean he was *authorized* to do so under Rule 4(h)(1).[5] See Holmes v. Gonzalez, No. 1:09-CV-259, 2010 WL 1408436, at *4

---

[4] Johnson signed an amended affidavit because his original affidavit mistakenly listed August 28, 2019 as the date of service instead of August 22, 2019.
[5] Some states, including North Carolina and North Dakota, follow a rule that "the filing of an affidavit by the plaintiff meeting certain requirements, along with the return receipt 'signed by the

6

(E.D. Tenn. Apr. 2, 2010) (granting motion to dismiss under Rule 12(b)(5) because affidavits confirmed that the employee who accepted service was not an authorized agent of the company). Because Johnson did not testify about whether Spalding had authority to make high-level decisions for Caracal International, his affidavit does not sufficiently rebut Spalding's testimony that he is "not authorized to accept service of process for Caracal International." (Doc. No. 35-8 at 2).

Plaintiffs' remaining arguments are similarly unpersuasive. For example, Plaintiffs argue that because Spalding sent an email with a Caracal International US Market Manager signature block, he "***also*** reports to Caracal International in Abu Dhabi, United Arab Emirates." (Doc. No. 52 at 5). But without further context or explanation about when this attached email was sent or to whom, the email does not refute Spalding's testimony that he was an independent contractor for Caracal International until December 2015. (See Doc. No. 1-12 at 19–21). Plaintiffs also argue that "[s]ervice of process on [Spalding] . . . put Caracal International, LLC on notice of the Complaint filed against it." (Doc. No. 52 at 19; see also Doc. No. 135 at 1). However, "regardless of [Caracal International's] awareness of this lawsuit, the Sixth Circuit has clearly instructed 'actual knowledge and lack of prejudice cannot take the place of legally sufficient service.'" Holmes, 2010 WL 1408436, at *2 (quoting LSJ Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 324 (6th Cir. 1999)). Plaintiffs also filed a "Supplement Reply" containing a timeline alleging that Spalding, Caracal International, and Caracal USA are "one and the same" for purposes of accepting process.

---

person who received the mail if not the addressee raises a presumption that the person who received the mail and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process.'" Hall v. Haynes, No. W2007-02611-COA-R9-CV, 2009 WL 782761, at *10 (Tenn. Ct. App. Mar. 26, 2009) (quoting Fender v. Deaton, 503 S.E.2d 707, 710 (N.C. Ct. App. 1998)); see also Fornari v. Figeredo Guillen, No. 4:19CV3030, 2019 WL 5697805, at *2 (D. Neb. Nov. 4, 2019). Other states, including Tennessee, have specifically rejected this rule. Hall at *10. But even if the Court applied the Fender rule here, Spalding's affidavits would sufficiently rebut the presumption that he was Caracal International's authorized agent and would place the burden back on Plaintiffs to prove otherwise.

7

(Doc. No. 99 at 1.) But because an attorney-created timeline is not enough evidence to show that either Spalding or Caracal USA was a "managing or general agent" or "alter ego" of Caracal International, Plaintiffs have not established an exception to the general proposition that "service upon a subsidiary is insufficient to constitute process on the parent."[6] See United States v. Kolon Indus., Inc., 926 F. Supp. 2d 794, 807–08 (E.D. Va. 2013) (citing Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 334–35 (1925)). Last, Plaintiffs filed a "Motion to Supplement Response" to include "additional relevant emails showing that service of process on Jeffrey Spalding . . . was proper service on Caracal International." (Doc. No. 134 at 2). Although the Court will grant this motion as a discretionary matter, it disagrees that the attached emails are relevant to show Spalding was Caracal International's authorized agent in August 2019. Indeed, each email was sent in either August or September 2015, which was before the date Spalding stopped working for Caracal International and four years before the attempted service in this case. (See Doc. No. 135-1).

In sum, the Court has given great weight to Spalding's affidavits because he is presumptively more familiar with his own employment history and discretionary job duties. And despite having ample time and opportunity to discredit Spalding's testimony or establish that he had authority to accept service for Caracal International as its managing or general agent in August 2019, Plaintiffs failed to do so. Accordingly, Plaintiffs have not met their burden to show that proper service was made on Caracal International, and the Court will dismiss their claims against Caracal International without prejudice under Rule 12(b)(5). See Fed. R. Civ. P. 4(m).

---

[6] Plaintiffs admit that Caracal USA is a wholly owned subsidiary of Caracal International. (Doc. No. 54 at 3).

## IV. CONCLUSION

For the foregoing reasons, Caracal International's Motion to Dismiss for Insufficient Service of Process (Doc. No. 35) will be granted, Plaintiffs' Motion to Deem Service on Jeffrey Spalding Sufficient Service on Defendant Caracal International (Doc. No. 51) will be denied, and Plaintiffs' Motion to Supplement Response to Defendant Caracal International, LLC's Motion to Dismiss for Insufficient Service of Process (Doc. No. 134) will be granted.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE